Filed 10/16/14  P. v. Turk CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | C075976 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF130409) |
| v. | |
| CHRISTOPHER LYNN TURK, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

A first amended information charged defendant Christopher Lynn Turk with forcible rape (count 1; Pen. Code, § 261, subd. (a)(2)),[1] forcible oral copulation (count 2; § 288a, subd. (c)(2)), second degree robbery (count 3; §§ 211/212.5, subd. (c)), forcible false imprisonment (count 4; §§ 236/237, subd. (a)), sexual battery (count 5; § 243.4,

---

[1] Undesignated section references are to the Penal Code.

1

subd. (a)), second degree burglary (count 6; § 459), and misdemeanor injuring a wireless communication device with intent to prevent the summoning of assistance (count 7; § 591.5). As to counts 1 through 5, the information alleged that defendant used a dangerous or deadly weapon. (§ 12022, subd. (b)(1).) As to counts 1 and 2, the information also alleged that defendant was a person described in section 667.61, subdivision (a) (the "one strike" provision) in that he committed the current offenses during the commission of a burglary (§ 667.61, subd. (e)(2)) and personally used a dangerous or deadly weapon (§ 667.61, subd. (e)(3)). Also as to counts 1 and 2, the information further alleged that defendant was a person described in section 667.61, subdivision (b) in that he personally used a dangerous or deadly weapon in the commission of the present offense.

On the first day of trial, defendant entered a plea of no contest to counts 1 and 3 and admitted the dangerous weapon allegation as to count 1 and the one strike allegation, with the understanding he would receive a state prison sentence of five years on count 3 and a consecutive 15 years to life on count 1. The trial court dismissed the remaining counts and allegations.

According to the preliminary hearing transcript, in which the trial court found the factual basis for defendant's plea, on the morning of January 26, 2013, the victim went to the Davis farmers market, then crossed the street to the Davis Community Church, where she believed there was an adoption center for kittens. In the outer courtyard of the church, she saw a black male in his mid-20's with pockmarks or freckles on his face, wearing a backpack and bright red, plastic-looking shoes. When she told him she was looking for the cat adoption center, he said he knew where it was and asked her to follow him inside the church. After they walked up to the top of a landing, he put a hand over her mouth and told her to be quiet. She reached into her pocket for her cell phone and tried to dial 911, but he took the phone away. After telling her that he just wanted to kiss her, he pushed her down to the floor. He brandished a pair of scissors and held them to

2

her face. She tried to engage him in conversation to "buy time," but he broke off the exchange. He lifted up her clothes and kissed her on the breasts and vagina. He undid her pants and pulled them down partway, then inserted his penis into her vagina and had sex with her for some time. Afterward, he removed a condom. He rifled through her purse and took change out of it, and she gave him $60 that was on her person. Finally, he told her to turn around, face the wall, and count down from 100 to one; as she did so, she heard him leaving. She was afraid throughout the incident that she might be killed.

The investigating officer put together a photo lineup that included defendant, having obtained defendant's name from people who ran a shelter at the church; he had been there the night before, and a pastor thought he had seen defendant in the courtyard that morning. The victim identified defendant in the lineup. He was arrested two days later, wearing bright red, plastic-looking shoes like those the victim had described. He had a smart phone on his person, which bore the serial number the victim had given the police. Though he denied any involvement in the crimes at first, eventually he admitted that he had watched the victim as she walked around the farmers market and saw her come over to the church; thinking she might have money, he decided to rob her. He also admitted that he had had sex with her but claimed it was consensual.

The trial court imposed the agreed-upon prison sentence (five years on count 3 and a consecutive 15 years to life on count 1). The court awarded defendant 400 days of presentence custody credit (348 actual days and 52 conduct days). The court also imposed a $280 restitution fine (§1202.4, subd. (b)) and a suspended parole revocation restitution fine in the same amount (§ 1202.45), an $80 court security fee (§ 1465.8), and a $60 criminal conviction assessment (Gov. Code, § 70373). The court reserved jurisdiction over victim restitution.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d

3

436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


       RAYE       , P. J.


We concur:


     BLEASE     , J.


     MAURO     , J.